IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE JEROME SMITH-PARKER,

        **Petitioner,**

v.                                                                                       CASE NO. 25-3095-JWL

**STATE OF KANSAS,**

        **Respondent.**

## MEMORANDUM AND ORDER

Petitioner and Kansas prisoner Willie Jerome Smith-Parker, who is currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas, began this matter on May 14, 2025 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He also submitted an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis." (Doc. 2.) On May 15, 2025, the Court issued a notice of deficiency (NOD) explaining various deficiencies in Petitioner's submissions. (Doc. 4.) As currently relevant, the NOD informed Petitioner that his motion to proceed without fees was not on the required form and that he had not submitted the financial information required to support such a motion. *Id.* at 1. Petitioner was required to submit the proper form and the required financial information—or pay the $5 filing fee—on or before June 16, 2025 or "this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 2. The NOD was mailed to Petitioner along with the correct form for seeking leave to proceed without paying the filing fee in this matter.

The June 16, 2025 deadline has now passed and the Court has received neither the filing fee nor a proper motion for leave to proceed without paying the filing fee. Federal Rule of Civil

1

Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to comply with the Court's NOD, the Court will dismiss this matter without prejudice under Rule 41(b). Accordingly, the pending motions to stay this matter and to appoint counsel (Docs. 3 and 6) will be denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b) for failure to comply with a court order. The motion to stay (Doc. 3) and the motion to appoint counsel (Doc. 6) are **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 24th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge