IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIE JEROME SMITH-PARKER,**

                **Petitioner,**

    v.                                                                   CASE NO. 25-3095-JWL

**TOMMY WILLIAMS[1],**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed on May 14, 2025 pursuant to 28 U.S.C. § 2254 by Petitioner Willie Jerome Smith-Parker, a state prisoner currently incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. In a memorandum and order issued yesterday, this matter was dismissed because Petitioner failed to either submit a motion for leave to proceed in forma pauperis or pay the $5.00 filing fee. (Doc. 8.) This matter comes now before the Court on Petitioner's motion to reconsider the dismissal. (Doc. 10.)

Petitioner advises the Court that on May 14, 2025 and June 2, 2025, he submitted requests to the appropriate EDCF staff that the $5.00 filing fee be submitted to this Court from the funds in his forced savings account. *Id.* at 1. Petitioner informs the Court of the amount currently in his forced savings account, which is well over $5.00. *Id.* It appears that EDCF staff approved the request, but on June 11, 2025, someone else denied the request because of "insufficient

---

[1] When this action began, Petitioner named as Respondent the State of Kansas. (Doc. 1, p. 1.) The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Petitioner is incarcerated at El Dorado Correctional Facility. Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

funds/forced savings approval missing." *Id.* at 1-2. Petitioner directs the Court's attention to the Kansas Department of Corrections' Internal Management Policy and Procedure ("IMPP") 04-103A. *Id.*

Section VI of the Procedures set forth in IMPP 04-103A states, in relevant part:

F. The use of forced savings is restricted to:

. . .

> 3. Civil filing fees, transcript fees, and subpoena fees, and any other costs or fees necessary for a resident to gain access to the courts for purposes of challenging the resident's conviction or sentence, or the resident's conditions of confinement after the resident's cash account is exhausted[.]

*See* KDOC IMPP Documents, Active IMPPs, Chapter 4, IMPP 04-103A, effective March 31, 2025, available at https://public.powerdms.com/KansasDOC/tree/documents/1546842, accessed on June 25, 2025.

In light of this information from Petitioner, the Court will grant the motion to reconsider and will direct the clerk to reopen this case. Petitioner will be granted additional time in which to submit the $5.00 filing fee. To the extent that Petitioner asks this Court to "order KDOC to release" the filing fee, however, the Court declines. Petitioner should utilize the KDOC forms and procedures to request payment of the filing fee. If Petitioner continues to experience difficulty in submitting the fee, he should so inform the Court and provide a copy of his inmate account statement, any available documentation of his requests that payment be sent to this Court, and any available documentation of the denial of those requests.

The Court pauses to note that it appears Petitioner may have known on June 11, 2025 that his request for payment was denied. (*See* Doc. 10.) The deadline to submit the fee or move to proceed in forma pauperis was June 16, 2025. (*See* Doc. 4.) Thus, Petitioner may have been able

to inform the Court prior to the deadline that he was having difficulty making the payment. Since Petitioner did not do so, the Court dismissed this matter.

In the future, if Petitioner anticipates difficulty meeting a deadline set by the Court in this case, he must file a motion for extension of the deadline before the deadline expires, advising the Court of the reasons for the difficulty. Dismissing and re-opening a case requires the Court to unnecessarily expend limited resources and motions to reconsider that are based on arguments that could have been made prior to the dismissal are disfavored. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (finding that it is within a federal district court's discretion to deny a motion for relief from judgment that is based on "arguments that court have been raised earlier").

**IT IS THEREFORE ORDERED** that the motion for reconsideration (Doc. 10) is **granted**. The clerk shall **vacate** the June 24, 2025 memorandum and order that dismissed this case and denied the pending motions as moot (**Doc. 8**) and shall vacate the judgment entered the same day (**Doc. 9**).

**IT IS FURTHER ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is incarcerated, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **July 31, 2025** in which to pay the $5.00 filing fee in this matter or, if he cannot, to submit additional information to this Court as detailed in this order.

**IT IS SO ORDERED.**

DATED:   This 25th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
