IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE JEROME SMITH-PARKER,

                Petitioner,

v.                                         CASE NO. 25-3095-JWL

TOMMY WILLIAMS,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed on May 14, 2025 pursuant to 28 U.S.C. § 2254 by Petitioner Willie Jerome Smith-Parker, a state prisoner currently incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. The matter was dismissed on June 24, 2025 (Doc. 8) and reopened the following day after the Court received Petitioner's motion for reconsideration (Doc. 11). Throughout this matter, Petitioner has made several unsuccessful attempts to submit the $5.00 filing fee from his inmate account. The Court has yet to receive payment, but in the interest of efficiency, the Court will address Petitioner's outstanding motions and allow additional time for the receipt of the payment.

Petitioner has filed a motion to amend his petition. (Doc. 15.) That motion will be granted and Petitioner will be granted to and including September 22, 2025 in which to file an amended petition. The amended petition must be on the required, court-approved form, which the Court will direct the clerk to provide to Petitioner, and it must be complete in and of itself. The amended petition may not simply refer back to the initial petition or attempt to incorporate by reference the initial petition or other filings with this Court. To be clear, any grounds for relief not included in the amended petition will not be considered by the Court, since the amended petition will

1

effectively replace the current petition filed in this matter.

In the motion to amend, Petitioner also asks the Court to rule on the motion for appointment of counsel. (Doc. 15, p. 2.) The Court denied the motion for appointment of counsel (Doc. 6) as moot in the order of dismissal (Doc. 8), but when the dismissal order was vacated (Doc. 11), the motion for appointment of counsel—and a motion to stay this matter (Doc. 3)—were revived. The motion to stay (Doc. 3) asks this Court to stay these proceedings so that Petitioner may return to state court to exhaust his claims. Because the Court is granting Petitioner's motion to amend his petition and the Court does not know the precise claims that Petitioner will raise in the amended petition, the motion to stay will be denied without prejudice. Petitioner may refile the motion after he submits the amended petition, if he chooses to do so.

In the motion for appointment of counsel, Petitioner explains that counsel would assist him in perfecting his petition and interpreting the law so that Petitioner is able to understand and comply with the requirements for his petition and that counsel would otherwise aid Petitioner in pursuing federal habeas relief. (Doc. 6.) The Court has considered Petitioner's motion for appointment of counsel and will deny the motion without prejudice.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). The burden is on the petitioner to convince the court that there is

sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. At this early point in these proceedings, when Petitioner's claims are not yet clear, the Court finds that the interest of justice does not require appointment of counsel. Thus, the Court will deny the motion without prejudice. Petitioner may file another motion for appointment of counsel if this matter survives the initial Rule 4 review and the case develops in a way that warrants counsel. For example, if discovery is authorized in this matter, counsel may become necessary. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may appoint counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.

Finally, the Court appreciates Petitioner's multiple attempts to submit the required filing fee to this Court. (*See* Doc. 10, p. 1-2; Doc. 18.) Petitioner is directed to inquire with the appropriate KDOC officials about the status of his payment requests, since the Court has not yet received payment of the $5.00 filing fee. If any defect in Petitioner's requests is identified and Petitioner has the ability to cure such defect, Petitioner should do so. Petitioner is directed to file a status report with this Court on or before September 22, 2025, detailing his efforts to determine why his payment requests have not resulted in payment to this Court and his efforts to fix any

deficiencies in his previous requests that are identified by KDOC officials. A copy of this order will be transmitted to the finance office at the institution where Petitioner is currently confined.

**IT IS THEREFORE ORDERED** that the motion to stay (Doc. 3) and the motion for appointment of counsel (Doc. 6) are **denied.**

**IT IS FURTHER ORDERED** that the motion to amend (Doc. 15) is **granted.** Petitioner is granted to and including **September 22, 2025** in which to submit his amended petition, which must be filed on the required, court-approved form. The clerk is directed to send the required form to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner is directed to inquire with appropriate KDOC officials regarding the status of the requests he has submitted to pay the $5.00 filing fee in this matter. Petitioner should fix any defects identified by KDOC officials that he has the ability to fix. Petitioner is granted to and including **September 22, 2025** in which to file a status report informing the Court of his efforts. The clerk is directed to transmit a copy of this order to the finance office at the institution where Petitioner is currently confined.

**IT IS SO ORDERED.**

DATED:   This 11th day of August, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
