IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIE JEROME SMITH-PARKER,**

                  **Petitioner,**

        v.                                          CASE NO. 25-3095-JWL

**DAN SCHNURR,**

                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed on May 14, 2025 pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas prisoner Willie Jerome Smith-Parker. With his petition, Petitioner filed a motion to stay these proceedings so that he may return to state court to exhaust his claims, and he later filed a motion to amend his petition. (Docs. 3 and 15.) In an order issued on August 11, 2025, the Court granted the motion to amend the petition and explained:

> Because the Court is granting Petitioner's motion to amend his petition and the Court does not know the precise claims that Petitioner will raise in the amended petition, the motion to stay will be denied without prejudice. Petitioner may refile the motion after he submits the amended petition, if he chooses to do so.

(Doc. 23, p. 2.)

The initial deadline for the amended petition was September 22, 2025. *Id.* at 1. The Court later extended the deadline to and including October 23, 2025. (Doc. 28.) As of the date of this order, the Court has not received an amended petition from Petitioner. On October 8, 2025, however, Petitioner filed a renewed motion for stay of these proceedings. (Doc. 29.) In the motion to stay, Petitioner advises the Court that he is currently seeking relief in state court under K.S.A. 60-1507 and attempting, in that action, to exhaust some of the claims raised in this federal habeas

1

case. *Id.* at 1. He points out that because Respondent has not been ordered to file an answer in this federal case, a stay would not inconvenience or adversely affect Respondent. *Id.* at 2. Finally, Petitioner reminds the Court that he is proceeding pro se and learning as he goes. *Id.*

The current motion to stay (Doc. 29) will be denied for the same reasons as the previous motion to stay: in light of Petitioner's request to file an amended petition, the claims Petitioner wishes to pursue in this matter remain unclear. Thus, the Court cannot fully analyze how this matter relates to the pending state-court action or whether a stay of this matter is appropriate. As stated in the earlier order, Petitioner may renew his motion to stay after he files his amended petition. At this point, the petition most recently filed in this case, which is referred to as "the operative petition," controls Petitioner's claims. The operative petition was filed on June 5, 2025. (Doc. 7.) If Petitioner does not submit an amended petition on or before October 23, 2025, the Court will screen the operative petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary. If Petitioner timely submits an amended petition, the Court will screen the amended petition under Rule 4.

**IT IS THEREFORE ORDERED** that the motion to stay (Doc. 29) is denied without prejudice for the reasons stated in this order. If Petitioner still wishes to file an amended petition, he must do so on or before the October 23, 2025 deadline.

**IT IS SO ORDERED.**

DATED: This 9th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge