IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE JEROME SMITH-PARKER,

           Petitioner,

v.                                                                              CASE NO. 25-3095-JWL

DAN SCHNURR,

           Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Willie Jerome Smith-Parker, a state prisoner incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. This matter comes now before the Court on Petitioner's latest petition (Doc. 31-1) and the memorandum in support of that petition (Doc. 31). The most recently filed petition contains only four grounds for relief, but the memorandum refers to six grounds for relief. Therefore, the Court will grant Petitioner time in which to file either a third amended petition that contains all six grounds for relief or a written notice advising that he wishes to proceed only on the four grounds asserted in the most recently filed petition. After the Court receives one of these filings from Petitioner, it will issue further orders as necessary. If Petitioner fails to timely respond to this order by filing either a third amended petition or a written response, this case will proceed only on the four grounds asserted in the most recently filed petition.

**Background**

      The procedural history of Petitioner's litigation in the state courts and in this Court is complex, but to fully appreciate the current status of this federal habeas matter, a detailed recitation is necessary. The Court assures Petitioner that this statement of background is not intended to be

1

binding findings of fact. Rather, it is merely an attempt to provide context and a chronological explanation of the history of Petitioner's various cases.

In June 2009, the State of Kansas charged Petitioner with aggravated assault, second-degree intentional murder, and criminal possession of a firearm. *State v. Smith-Parker*, 301 Kan. 132, 138 (2014) (*Smith-Parker I*). Later in 2009, the State charged Petitioner in a different case with first-degree premeditated murder, first-degree felony murder, two counts of aggravated burglary, and one count of theft. *Id.* at 139. Over Petitioner's objection, the cases were consolidated for trial and a jury convicted Petitioner of first-degree premeditated murder, second-degree intentional murder, theft, and aggravated assault. *Id.* at 134, 139. Petitioner appealed, and the Kansas Supreme Court ("KSC") held that cumulative error required the reversal of the convictions and it remanded the case for further proceedings. *Id.* at 134.

On remand, the cases remained consolidated for trial, despite Petitioner's objection. *State v. Smith-Parker*, 2017 WL 5014898, *1 (Kan. Ct. App. Nov. 3, 2017) (unpublished) (*Smith-Parker II*), *rev. dismissed as improvidently granted* Feb. 5, 2020. A second jury trial occurred in April and May 2015. *Id.* at *4. The jury ultimately convicted Petitioner of second-degree intentional murder, theft, second-degree reckless murder, and aggravated assault. *Id.* at *8; (Doc. 31-1, p. 1-2). The state district court sentenced Petitioner to a total of 796 months in prison. *Id.* at 1. Petitioner appealed, and, on November 3, 2017, the Kansas Court of Appeals ("KCOA") affirmed his convictions and sentences. *Smith-Parker II*, 2017 WL 5014898, at *1. Petitioner timely filed a petition for review in the KSC, which was initially granted. However, on February 5, 2020, the KSC issued an order dismissing the petition for review and holding that review had been improvidently granted.

On October 5, 2020, Petitioner filed in Saline County District Court a motion for habeas

2

relief under K.S.A. 60-1507. (Doc. 31-1, p. 3.) Therein, he argued that he had received unconstitutional ineffective assistance of counsel during his trial and on direct appeal. *Id.* The state district court summarily denied the motion. *Smith-Parker v. State*, 2024 WL 2235284, *1 (Kan. Ct. App. May 17, 2024) (unpublished) (*Smith-Parker III*), *rev. denied* Mar. 27, 2025. Petitioner appealed and, on May 17, 2024, the KCOA affirmed. *Id.* Petitioner filed a petition for review in the KSC.

On July 26, 2024, while the petition for review was pending, Petitioner filed in Saline County District Court a second K.S.A. 60-1507 motion. (Doc. 31-1, p. 3.) Therein, he argued that he was actually innocent and had been convicted only due to the ineffective assistance of trial and direct-appeal counsel. *Id.* The state district court denied the motion on August 9, 2024. *Id.* at 4. Petitioner asserts that he filed a notice of appeal from the denial[1] but has "not heard back from the courts." (Doc. 31-1, p. 4.) On March 27, 2025, the KSC denied the petition for review related to Petitioner's first K.S.A. 60-1507 motion.

On May 14, 2025, Petitioner filed in this Court the petition for federal habeas relief under 28 U.S.C. § 2254 that began this case. (Doc. 1.) With his petition, he filed an affidavit seeking leave to proceed in forma pauperis (Doc. 2) and a motion to stay the federal proceedings (Doc. 3). In the motion to stay, Petitioner explained that he wished to return to state court and argue that he received ineffective assistance from appellate counsel during his pursuit of K.S.A. 60-1507 relief because counsel failed to appeal certain issues that had been raised to the district court. (Doc. 3, p. 1-2.) Petitioner's affidavit in support of his request for leave to proceed in forma pauperis, however, was not on the required form or supported by the required financial information. Thus,

---

[1] As of the date of this order, the publicly available records of the Saline County District Court do not reflect that a notice of appeal was ever received by the district court. *See* Kansas District Court Public Access Portal, *Smith-Parker v. State*, Case No. SA-2024-CV-000165.

3

on May 15, 2025, the Court issued a notice of deficiency, granting Petitioner 30 days in which to either pay the filing fee or submit a proper motion for leave to proceed in forma pauperis. (Doc. 4.) The notice of deficiency also told Petitioner that his petition appeared to be missing a page and it provided him with the required form on which to re-submit his petition. *Id.*

Petitioner timely filed a complete petition on the required forms, which was docketed as an amended petition. (Doc. 7.) But the deadline set in the notice of deficiency came and went and the Court received neither payment of the filing fee nor a proper motion for leave to proceed in forma pauperis. Thus, on June 24, 2025, the Court dismissed this case under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. (Doc. 8.) The dismissal order denied as moot the pending motion to stay. *Id.*

The following day, however, the Court received from Petitioner a motion to reconsider the dismissal. (Doc. 10.) Petitioner explained that he had requested payment of the filing fee but was having difficulty getting prison approval for the money to be sent to the Court from his inmate account. *Id.* In light of this information, the Court granted the motion to reconsider, vacated the dismissal order and judgment, and reopened this case. (Doc. 11.) When the dismissal order was vacated, the motion to stay that had been denied as moot in the dismissal order was revived.

Before Petitioner received notification that his case was reopened, however, he filed a notice of appeal of the dismissal. (Doc. 12.) The appeal was docketed in the United States Court of Appeals for the Tenth Circuit. (Doc. 14.) While the appeal was pending, Petitioner filed in this Court a motion to further amend his petition. (Doc. 15.) On July 25, 2025, the Tenth Circuit dismissed Petitioner's appeal for lack of prosecution. (Doc. 22.)

Three days later, Petitioner filed in Saline County District Court a third motion seeking relief under K.S.A. 60-1507. *See* Kansas District Court Public Access Portal, *Smith-Parker v. State*

4

*of Kansas*, Case No. SA-2025-CV-000227.

On August 11, 2025, the Court issued a memorandum and order ("M&O") granting the pending motion to further amend the petition and allowing Petitioner to and including September 22, 2025 in which to do so. (Doc. 23, p. 1.) The M&O also denied the now-revived motion to stay, explaining:

> Because the Court is granting Petitioner's motion to amend his petition and the Court does not know the precise claims that Petitioner will raise in the amended petition, the motion to stay will be denied without prejudice. Petitioner may refile the motion after he submits the amended petition, if he chooses to do so.

*Id.* at 2. Finally, because Petitioner was still experiencing difficulty submitting payment of the filing fee, the M&O directed him to file a status report on the payment on or before September 22, 2025. *Id.* at 3-4. The Court received payment of the filing fee on September 2, 2025. The Court later granted Petitioner an extension of time in which to file his second amended petition, making it due on or before October 23, 2025. (Doc. 28.)

On October 8, 2025, Petitioner filed a second motion to stay the proceedings. (Doc. 29.) In the motion, Petitioner advised the Court of the K.S.A. 60-1507 motion pending in the Saline County District Court, which he explained involved some of the issues on which he seeks federal habeas relief in the case now before this Court. *Id.* at 1. Liberally construed, the motion to stay asserted that Petitioner is attempting in the pending K.S.A. 60-1507 action to exhaust state-court remedies on some of the grounds for relief he wishes to assert in this federal habeas matter. *Id.* at 1-2. Petitioner further advised the Court that the time for the State to respond to his K.S.A. 60-1507 motion had expired and he had filed a motion asking the state district court to dismiss the underlying criminal case and order him released on time served. *Id.* at 1.

The following day, the Court denied the renewed motion to stay. (Doc. 30.) The Court explained:

5

> The current motion to stay (Doc. 29) will be denied for the same reasons as the previous motion to stay: in light of Petitioner's request to file an amended petition, the claims Petitioner wishes to pursue in this matter remain unclear. Thus, the Court cannot fully analyze how this matter relates to the pending state-court action or whether a stay of this matter is appropriate. As stated in the earlier order, Petitioner may renew his motion to stay after he files his amended petition. At this point, the petition most recently filed in this case, which is referred to as "the operative petition," controls Petitioner's claims. The operative petition was filed on June 5, 2025. (Doc. 7.) If Petitioner does not submit an amended petition on or before October 23, 2025, the Court will screen the operative petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary. If Petitioner timely submits an amended petition, the Court will screen the amended petition under Rule 4.

*Id.* at 2.

On October 16, 2025, Petitioner filed 90 pages of documents in this case. (Docs. 31 and 31-1.) The first 30 pages of the filing is titled "Memorandum of Points in Support of 28 U.S.C. § 2254 Petition." (Doc. 31, p. 1-30.) The next 9 pages are titled "Amended Grounds 1 – 6 of 2254 Petition." *Id.* at 31-39. The next 14 pages are a duplicate[2] copy of the amended petition filed on June 5, 2025. (Doc. 31-1, p. 1-14.) For ease of understanding, the Court will refer to the petition filed on October 16, 2025 as "the second amended petition" and will direct the clerk to adjust the docket to reflect that the petition filed on October 16, 2025 is the second amended petition. (Doc. 31-1, p. 1-14.) The remaining 37 pages are two copies of the 2017 KCOA opinion in the direct appeal from Petitioner's second trial. *Id.* at 15-51.

## Discussion

The Court has examined the documents most recently filed by Petitioner and finds that the second amended petition states four grounds for relief. As Ground One, Petitioner asserts that the consolidation of the two criminal cases for trial violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. (Doc. 31-1, p. 5.) As Ground Two, As Ground

---

[2] The only difference between the two petitions is that the timeliness section of the June 5, 2025 petition was blank and the same section of the October 16, 2025 petition reads "N/A." (*See* Doc. 7, p. 14; Doc. 31-1, p. 13.)

Two, Petitioner argues that the state trial court violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to equal protection by allowing a trial witness to present expert testimony without first ensuring the witness was qualified as an expert witness. *Id.* at 6.

Ground Three focuses on a jury instruction that included language telling the jury that evidence had been admitted "'tending to prove that [he] committed crimes other than the present crimes charged.'" *Id.* at 8; *see also Smith-Parker II*, 2017 WL 5014898, at *15. In Ground Three of this federal habeas matter, Petitioner argues that giving this jury instruction violated his Fifth, Sixth, and Fourteenth Amendment rights. (Doc. 31-1, p. 8.) As Ground Four, Petitioner asserts that the cumulative effect of errors by the trial court violated his Sixth Amendment right to a fair trial. *Id.* at 9. Specifically, Petitioner points to the following asserted errors by the trial court: (1) consolidation of the two criminal cases against him; (2) the jury instruction at issue in Ground Three; (3) the trial court "tried to prove the State's case for them by mis[s]tating facts"; (4) it admitted evidence at the second trial of a crime of which Petitioner was acquitted at his first trial, which the State used to place Petitioner at the scene of the crime; and, relatedly, (5) it allowed the State to tell the jury that Petitioner was inside one victim's apartment even though Petitioner had been previously acquitted of related burglary charges. *Id.*

As noted above, at the same time he filed this amended petition, Petitioner also filed a document titled "Amended Grounds 1 – 6 of 2254 Petition." (Doc. 31, p. 31-39.) This document restates and expands upon the four grounds for relief set forth above, and it purports to add two more asserted grounds for relief, both based on the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 38-39. Ground Five asserts that the trial court violated *Apprendi* when it sentenced him based in part on his prior criminal history without first requiring the State to prove his criminal history to a jury and beyond a reasonable doubt. *Id.* at 38.

7

Ground Six argues that the trial court violated *Apprendi* when it sentenced him to an aggravated grid-box sentence without first requiring the State to prove the aggravating factors to a jury and beyond a reasonable doubt. *Id.* at 39. The memorandum in support filed on October 16, 2025 includes argument on Grounds Five and Six. *Id.* at 28-29.

However, Grounds Five and Six do not appear in the second amended petition. (Doc. 31-1, p. 1-14.) As previously explained to Petitioner, a federal habeas petition "must be complete in and of itself" and may not "attempt to incorporate . . . other filings with this Court." (Doc. 23, p. 1.) Put another way, "any grounds for relief not included in the amended petition will not be considered by the Court, since the amended petition will effectively replace the current petition filed in this matter." *Id.* at 1-2. Since Grounds Five and Six are not stated in the second amended petition, Petitioner has not properly raised them in this matter. Liberally construing the pro se filings now in front of the Court, however, it appears that Petitioner may wish to raise Grounds Five and Six. Thus, the Court will grant Petitioner one final opportunity to amend the petition in this matter and will direct the clerk to provide Petitioner with the required form for filing a third amended petition in this case.

Simply put, at this point in time, there are four asserted grounds for relief in this matter. They are Grounds One through Four, as detailed above. If Petitioner wishes to also assert Grounds Five and Six, he must include them in a third amended petition, along with Grounds One through Four. The Court emphasizes that the choice belongs to Petitioner. If he does not wish to proceed on his *Apprendi* arguments in this matter, he need only file a written response to this order informing the Court and this matter will proceed on the Grounds One through Four as they are asserted in the second amended petition.

If Petitioner wishes to proceed with his *Apprendi* arguments, however, he must file a third

amended petition that includes them as asserted grounds for relief. Although the required, court-approved form contains space designated for only four grounds, it instructs petitioners to "[a]ttach additional pages" to the form "if you have more than four grounds." (*See* Doc. 31-1, p. 5.) When attaching pages to the petition, Petitioner should clearly label those pages to indicate that they contain additional grounds for relief. For example, Petitioner could title an additional page "Ground Five" and insert it after page 12 of the form.

If Petitioner chooses to file a third amended petition, he is again cautioned that it must be complete in and of itself. It may not refer to earlier versions of the petition or attempt to incorporate other filings in this case. Any grounds for relief that are not included in the third amended petition will not be considered by the Court. If Petitioner files a third amended petition, the Court does not anticipate allowing further amendments to the petition in this matter. Petitioner should therefore ensure that all of the grounds for relief he wishes to assert in this matter are included in the third amended petition. If Petitioner does not file a third amended petition or a written response to this order on or before the deadline set in this order, the Court will proceed on the second amended complaint, which was filed October 16, 2025 (Doc. 31-1, p. 1-14) and will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that clerk shall re-file the documents currently located at Doc. 31-1 as the second amended petition. The clerk shall re-file the documents currently located at Doc. 31 as the Memorandum in Support of the second amended petition.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **December 5, 2025**, to submit either (1) a complete and proper third amended petition that contains all grounds for relief Petitioner wishes to assert in this matter or (2) a written response to this order advising

the Court that he wishes to proceed on Grounds One through Four only. If Petitioner fails to timely file either a third amended petition or a written response to this order, this matter will proceed on the second amended petition, which includes only Grounds One through Four, and the Court will issue further orders as necessary. The Clerk is directed to provide to Petitioner the required form for filing a third amended petition.

**IT IS SO ORDERED.**

DATED:   This 5th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
