**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WILLIE JEROME SMITH-PARKER,

      Petitioner,

      v.

DAN SCHNURR, warden of Hutchinson
Correctional Facility,

      Respondent.

Case No. 25-3095-DDC-BGS

**MEMORANDUM & ORDER**

This matter comes before the Court on Petitioner Willie Smith-Parker's Motion for

Appointment of Counsel (Doc. 41), Motion to Stay (Doc. 42), and Motion to Amend (Doc. 45).

Petitioner, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 to challenge his state-

court convictions and sentence.[1]  The Court has reviewed the motions and the record and is

prepared to rule.

## I.    Background

In May 2025, Petitioner Willie Jerome Smith-Parker initiated this federal habeas action under

28 U.S.C. § 2254.  *See* Doc. 1.  He is a Kansas state prisoner currently incarcerated at Hutchinson

Correctional Facility.  Petitioner challenges his convictions and 796-month sentence entered in

Saline County District Court following a second jury trial held in April and May 2015.

As summarized by Judge Lungstrum, who screened the case, the State originally filed two

separate criminal cases against Petitioner in 2009.  *See* Doc. 32, at 2.  Those cases were consolidated

for trial over Petitioner's objection.  A jury convicted Petitioner, but the Kansas Supreme Court

---

[1] Petitioner proceeds pro se.  The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

1

reversed based on cumulative error and remanded for further proceedings. *Id.* On remand, the cases again were consolidated, and a second jury convicted Petitioner of second-degree intentional murder, second-degree reckless murder, aggravated assault, and theft. He received a total sentence of 796 months' imprisonment.

Petitioner pursued a direct appeal. The Kansas Court of Appeals affirmed his convictions and sentence in 2017, and although the Kansas Supreme Court initially granted review, it later dismissed the petition for review as improvidently granted. *Id.* Thereafter, Petitioner filed multiple motions in Saline County District Court for post-conviction relief pursuant to K.S.A. 60-1507. His first motion alleged ineffective assistance of trial and appellate counsel and was summarily denied; the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review in March 2025. *Id.* at 3. Petitioner has also filed subsequent motions under K.S.A. 60-1507, including one that was pending in state court at the time he sought to stay these federal proceedings. *Id.*

Petitioner initiated this federal action on May 14, 2025 by filing a petition for habeas relief under 28 U.S.C. § 2254. *See* Doc. 1. Over the course of the litigation, Petitioner has filed several amended petitions. *See, e.g.,* Docs. 1, 7, 33, 37. Petitioner first filed an amended petition on June 5, 2025. *See* Doc. 7. Later, on November 5, 2025, Petitioner filed a second amended petition together with a supporting memorandum. *See* Doc. 33. In a memorandum and order entered that same day, Judge Lungstrum noted that the second amended petition asserted four grounds for relief, while the accompanying memorandum referred to six grounds, creating uncertainty regarding the claims Petitioner intended to pursue. *See* Doc. 32 at 8–9. To resolve the discrepancy, the Court directed Petitioner to file either (1) a complete third amended petition containing all six grounds for relief or (2) a notice advising that he intended to proceed only on the four grounds asserted in the petition. *Id.* Judge Lungstrum noted that this was a "final opportunity to amend the petition." *Id.* at 8. The Court later extended Petitioner's deadline to submit a third amended petition and directed the Clerk

2

to provide the appropriate forms. *See* Doc. 36. Petitioner thereafter filed a third amended petition on December 2, 2025, which is the operative petition presently before the Court. *See* Doc. 37.

In the third amended petition, Petitioner asserts six grounds for relief. First, he contends that consolidation of his two criminal cases for trial violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. Second, he argues that the trial court violated his Sixth and Fourteenth Amendment rights by allowing a witness to present what he characterizes as expert testimony without first establishing the witness's qualifications. *Id.* Third, he challenges a jury instruction advising jurors that evidence had been admitted tending to prove he committed other crimes. *Id.* Fourth, he asserts that the cumulative effect of alleged trial errors—including consolidation, the challenged jury instruction, admission of certain evidence, and statements by the trial court—deprived him of a fair trial. *Id.* Petitioner also brings two claims (grounds 5 and 6) under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), challenging the use of his criminal history and the imposition of an aggravated grid sentence.

Since Petitioner filed his third amended petition, the Court entered an order directing Respondent to file an answer by April 6, 2026 showing why the writ should not be granted and to submit the relevant state-court records and transcripts for review. *See* Docs. 39 and 44. Following that order, the case was reassigned to Judge Crabtree—the presiding district judge—and Magistrate Judge Severson—the undersigned.

Against this backdrop, the Court turns to the pending motions which include a renewed motion for appointment of counsel, motion to stay the case, and motion to amend. *See* Docs. 41, 42, and 45. The Court will address each below.

## II.    Request for Counsel.

Petitioner first moved for appointment of counsel early in the case. *See* Doc. 6. That motion was denied as moot when the case was dismissed for failure to comply with a court order,

but it was revived when the dismissal was vacated.  *See* Doc. 11.  On August 11, 2025, the Court considered the motion and denied it without prejudice, explaining that there is no constitutional right to counsel in habeas proceedings and that, at that early stage—before Rule 4 review and before the claims were clearly defined—the interests of justice did not require appointment.  Doc. 23.  The Court advised Petitioner that he could renew his request if the case survived initial screening and developed in a manner warranting counsel, such as if discovery were authorized or an evidentiary hearing became necessary.  Petitioner has since renewed his request, which is the motion presently before the Court.  *See* Doc. 41.

There is no constitutional right to counsel in a federal habeas corpus proceeding beyond the direct appeal of a criminal conviction.  *See Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction").  In most § 2254 proceedings, the appointment of counsel is left to the Court's discretion.  *See* 28 U.S.C. § 1915(e)(1); *Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).  In exercising that discretion, the Court considers factors such as: (1) the apparent merit of the petitioner's claims; (2) the nature and complexity of the factual and legal issues presented; and (3) the petitioner's ability to investigate and present the claims without the assistance of counsel.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require."  *See* 18 U.S.C. § 3006A(a)(2)(B).  Thoughtful use of the appointment power is warranted, as volunteer counsel is a limited resource.  *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

That said, the Court's discretion is not without limit.  Rule 8(c) of the Rules Governing Section 2254 Cases provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies" under the Criminal Justice Act.  The Tenth Circuit

has made clear that once a district court determines that an evidentiary hearing is required, appointment of counsel is mandatory—not discretionary. *Swazo*, 23 F.3d at 333–34. Thus, until an evidentiary hearing is deemed necessary, appointment remains within the Court's sound discretion; once a hearing is required, however, counsel must be appointed for a qualifying petitioner. *See id.*

Accordingly, in evaluating a motion to appoint counsel in a habeas proceeding, the Court first determines whether an evidentiary hearing is required under Rule 8. If so, and if the petitioner qualifies under 18 U.S.C. § 3006A, the Court must appoint counsel. If no evidentiary hearing is required, the Court applies the discretionary factors described above in determining whether the interests of justice warrant appointment.

At this stage, no such determination has been made and the mandatory-appointment provision does not apply. The Court has completed its Rule 4 screening and ordered Respondent to answer, but it has not concluded that additional factual development is necessary. Once briefing is complete, the district judge will review the petition, the parties' submissions, and the state-court record to determine whether the claims can be resolved on that record or whether additional factual development is necessary. *See* Rule 8 of the Rules Governing Section 2254 Cases. Generally, federal review under 28 U.S.C. § 2254(d) is limited to the state-court record. *See Johnson v. Vaughn*, 532 F. App'x 811, 811–12 (10th Cir. 2013) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). Only if the district judge concludes that further factual development is warranted may the Court authorize discovery or set an evidentiary hearing, subject to the limitations of 28 U.S.C. § 2254(e)(2). Because that determination has not yet been made, the mandatory-appointment provision does not apply, and the Court turns to whether discretionary appointment of counsel is warranted.

The factors for discretionary appointment weigh against appointing counsel. First, regarding the merits of Petitioner's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting

5

*McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985)).  In his present motion, Petitioner does not substantively address the merits of his habeas corpus petition.  Rather, he asserts that he seeks professional assistance to "perfect deficiencies," to avoid a "miscarriage of justice," and to better understand the rules and laws applicable to his petition.  *See* Doc. 41.  While the Court does not discount Petitioner's concerns, generalized assertions of need do not demonstrate that the underlying claims possess sufficient merit to justify appointment of counsel.  At this stage, the Court has ordered a response from Respondent and has not yet evaluated the claims under § 2254(d).  Nothing presently before the Court suggests that Petitioner's claims are so likely to succeed, or so substantial, as to weigh in favor of appointing counsel.  Accordingly, this factor does not support discretionary appointment at this time.

Second, the Court must consider the nature and complexity of the factual and legal issues.  Petitioner's claims primarily challenge the consolidation of his criminal cases in state court, certain evidentiary rulings, jury instructions, and the cumulative effect of alleged trial errors.  These issues arise from the existing state-court record and were addressed on direct appeal.  Although federal habeas review under 28 U.S.C. § 2254 involves application of the deferential standards set forth in § 2254(d), the legal framework governing such claims is well established.  Petitioner does not identify any novel constitutional theory, unusually intricate factual dispute, or need for technical or scientific evidence that would render the issues unusually complex.  Nor does the case presently involve discovery or evidentiary development.  While habeas litigation is undoubtedly challenging for a pro se litigant, the claims asserted here are neither factually nor legally extraordinary.  Accordingly, the second factor does not weigh in favor of appointing counsel at this stage.

Third, the next factor the Court considers is Petitioner's capacity to prepare and present the case without the aid of counsel.  *Castner,* 979 F.2d at 1420–21.  In considering this factor, the Court must look to the Petitioner's ability to gather and present crucial facts as well as the complexity of

the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). Petitioner has filed multiple pleadings in this matter which articulate the factual basis of his claims and cite relevant constitutional provisions. Although Petitioner states that he lacks legal training and would benefit from professional assistance, the mere assertion that counsel could assist him in presenting the "strongest possible case" does not warrant appointment. *Id.* at *2. At this stage, the claims are confined to the existing state-court record, and no discovery or evidentiary hearing has been authorized. Petitioner has not demonstrated that he is unable to adequately present his arguments or comply with court directives. Accordingly, the third factor does not weigh in favor of discretionary appointment of counsel.

After considering all the relevant factors, the Court finds no basis to appoint counsel at this stage of the proceedings. Petitioner's claims, while important to him, are neither unusually complex nor presently in need of factual development beyond the existing state-court record. Although Petitioner lacks formal legal training and counsel might present his arguments more effectively, that circumstance does not distinguish him from the many pro se litigants who pursue habeas relief in federal court. *See Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006). On balance, the Court concludes that the *Hill* factors weigh against discretionary appointment of counsel at this time. The motion is therefore **denied**.

## III.    Motion to Stay

Petitioner moves to stay this action so that he may add amended issues and ensure exhaustion of certain state-court remedies. *See* Doc. 42. He asserts that some amended issues were mistakenly omitted and that he seeks to avoid being barred from later presenting them. *Id.* He also references ongoing state proceedings and expresses concern about procedural compliance. *Id.*

A stay of a federal habeas proceeding is an extraordinary remedy.  Such relief is appropriate only in limited circumstances—typically where a petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, demonstrates good cause for the failure to exhaust, and shows that the unexhausted claims are potentially meritorious.  *Rhines v. Weber*, 544 U.S. 269, 276–77 (2005).  Petitioner has not made such a showing here.  The third amended petition presently before the Court contains claims that have been litigated in the Kansas appellate courts.  Moreover, Petitioner has not demonstrated that any specific unexhausted claim presently warrants application of the *Rhines* stay-and-abeyance procedure.

Additionally, this case has already progressed beyond Rule 4 screening, and Respondent has been directed to answer.  Granting a stay at this juncture would delay resolution of claims already properly before the Court.  On the record presented, Petitioner has not shown the existence of a mixed petition requiring protection, or any other basis justifying a stay.  The motion to stay is therefore **denied**.

## IV.    Motion to Amend

Petitioner also moves to amend his § 2254 petition to add what he describes as "missing amended issues."  *See* Doc. 45.  He asserts that the omission was inadvertent and that he seeks to correct the mistake in good faith.  *Id.*

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Whether to grant leave to amend under Rule 15(a)(2) is committed to the Court's sound discretion.  *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

Applying these principles here, the Court cannot meaningfully evaluate whether leave to amend should be freely granted under Rule 15 because Petitioner's motion is wholly conclusory. The motion does not identify the specific claims Petitioner seeks to add, explain how those claims differ from the six grounds already asserted in the operative petition, or describe the factual or legal basis for the proposed amendments. *See* Doc. 45. Without such information, the Court cannot determine whether the proposed amendments would be futile, unduly delayed, prejudicial, or whether amendment would otherwise serve the interests of justice under Rule 15.

Petitioner's motion also fails to comply with D. Kan. Rule 15.1(a), which requires a party to (1) set forth a concise statement of the amendment or leave sought and (2) attach the proposed pleading or other document. Here, Petitioner has failed to attach his proposed amended petition. This alone serves as a basis for denial. *Waterman v. Groves*, No. 18-3092-JWB-KGG, 2020 WL 6044103, at *2 (D. Kan. Oct. 13, 2020).

Further, allowing further amendment at this stage would undermine the Court's prior directive that the amended petition be complete and would delay the orderly progression of the case. Judge Lungstrum previously advised Petitioner he had "one final opportunity" to include all grounds for relief in a complete and self-contained amended petition. Doc. 32, at 8. To the extent Petitioner

seeks to reassert the previously referenced *Apprendi* claims or other sentencing-related arguments, he was specifically advised to include all such grounds in his amended petition. Having been afforded that opportunity, and in the absence of a showing that amendment is necessary to prevent manifest injustice, the Court declines to permit further amendment. This case must move forward. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'"). Accordingly, the motion is **denied**.

       **IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel, Doc. 41, is **DENIED**.

       **IT IS FURTHER ORDERED** that Petitioner's Motion to Stay, Doc. 42, is **DENIED**.

       **IT IS FURTHER ORDERED** that Petitioner's Motion to Amend, Doc. 45, is **DENIED**.

       **IT IS SO ORDERED**.

       Dated March 5, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge